IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN SCHLINK, individually and on behalf of all similarly-situated persons, | ) ) ) Case No. ) ) Judge ) Magistrate Judge ) ) ) Jury Trial Demanded ) ) |
| Plaintiffs, | |
| v. | |
| FIRE KING INTERNATIONAL, INC., d/b/a FIRE KING SECURITY GROUP | |
| Defendant. | |

## COMPLAINT

Plaintiff Susan Schlink ("Schlink") by and through her attorneys, ROBIN POTTER & ASSOCIATES, P.C. on behalf of herself and all similarly-situated persons, as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and as a class action under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, complains of Fire King Security Group d/b/a Fire King International, Inc. ("Fire King"), and its successors and assigns, (collectively "Defendants"), as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the FLSA and the IMWL as a result of Defendants' failure to pay all earned overtime wages due to Plaintiff Schlink and all other similarly-situated persons ("the class").

2. Plaintiff and the class she seeks to represent are current and former employees of Defendants, who worked as Customer Service Representatives.

3. Defendants violated the FLSA and IMWL by mis-classifying Plaintiffs and other salaried Customer Service Representatives as exempt from the FLSA and IMWL's overtime

requirements and by failing to pay them overtime pay, even though the primary duties of these job positions consisted of non-exempt and non-managerial activities.

4. Plaintiff and similarly situated employees did not regularly direct or manage the work of two or more full-time employees.

5. Plaintiff and similarly situated employees did not customarily or regularly exercise discretionary power when performing their job duties.

6. Plaintiff and the class were and are regularly required to work more than 40 hours in individual work weeks, but, until January 2015, were not paid their earned wages for all the hours they worked or their overtime wages at the rate of 1.5 times their regular rate of pay as required by the FLSA and the IMWL.

7. In January 2015, Defendants classified Plaintiff and other similarly situated persons as non-exempt from the FLSA and IMWL's overtime provisions, although their primary job duties did not change.

8. Defendant continues to violate the FLSA by failing to pay Plaintiff and the class overtime for hours worked in excess of 40 hours per week at time and one-half of the employees' regular rate of pay, and instead paying only time and one-half of employees' base hourly wages.

**JURISDICTION AND VENUE**

9. This action is brought as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a class action under the IMWL, 820 ILCS § 105/1, *et seq*.

10. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the State claims under 28 U.S.C. § 1367.

11. Venue is proper in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim

occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).The amount in controversy is in excess of $75,000, exclusive of interest and costs under 28 U.S.C. §1332(a)(1).

## PARTIES

12. Plaintiff Schlink resides in Illinois. Plaintiff is a current employee of Fire King and has worked within this judicial district from her home in Chicago, Illinois.

13. Defendant Fire King is an Indiana Corporation that operates and conducts business in the state of Illinois, including within this judicial district. Upon information and belief, Fire King is also incorporated and maintains a registered agent for the service of process in Illinois.

14. At all times relevant hereto, Plaintiff and the class were Defendants' "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3(d).

15. At all times relevant hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 2013(d) and the IMWL, 180 ILCS § 105/3(c).

16. Defendants effectuated and knowingly permitted the practices complained about herein.

## STATEMENT OF FACTS

17. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff and the class of employees she seeks to represent worked as Customer Support Representatives for Fire King. Plaintiff and the class shared similar job titles, training, compensation plans, policies and job requirements and duties.

19. Schlink has been employed in her current position since approximately 2005, when she was hired to work for Corporate Safe Specialists, LLC. In approximately 2011, Fire King merged with Corporate Safe Specialists to create "the nation's premier cash security firm."

20. Defendants operate a switchboard from which customer phone calls are routed to Customer Support Representatives.

21. Upon information and belief, Defendants' timekeeping and pay practices for Customer Support Representatives, as alleged herein, were the same in each state where Customer Support Representatives are employed, including Illinois, Indiana, Alabama and Georgia.

22. At all relevant times referenced herein, the Plaintiffs and putative class members' primary duties involved the performance of non-exempt labor, including responding to incoming phone calls using a script, scheduling appointments for repairmen, running credit card transactions, and entering information into a database maintained by the Defendant.

23. Throughout their employment with Defendants, Plaintiff and the putative class were required to, and regularly worked more than 40 hours a week. Defendants required, approved and/or suffered and permitted Plaintiff and the putative class to work more than 40 hours per week, and/or knew or should have known Plaintiff and the putative class worked more than 40 hours per week.

24. For example, each year in weeks when the Daylight Savings Time adjustment occurs, both in March and November, Customer Service Representatives are required to work overtime hours. Those two particular weeks are the busiest times of the year for Customer Service Representatives because customers must manually turn back their safes' time clocks, which often requires at least basic assistance from Customer Service Representatives.

25. Plaintiff and the putative class continue to work more than 40 hours per week. *See e.g.* Exhibit A, attached.

**Pre-January 2015 Allegations**

26. Throughout their employment by Defendants, and until approximately January 1, 2015, Plaintiff and the putative class were paid a base salary, plus earned commissions, regardless of the hours they worked. Plaintiff and the putative class did not receive any additional compensation for hours worked in excess of 40 per week in violation of the FLSA and IMWL.

27. At no time during the relevant time period did earned commissions constitute more than half of the Plaintiff and the putative class's total compensation.

28. Throughout their employment, Defendants failed to maintain accurate records of time worked by Plaintiff and the putative class.

29. Defendants' conduct was willful, including that they required, approved and/or suffered or permitted Plaintiff and the putative class to perform non-exempt work, but paid them as exempt salaried employees.

30. Throughout the Collective Action Period, Defendants, upon information and belief, failed to post or keep posted notices required by the FLSA.

**Post-January 2015 Allegations**

31. In approximately January 2015, Defendants began to pay Plaintiff and the putative class on an hourly basis plus commissions and to track their hours worked. *See e.g.* Exhibit A.

32. Despite being re-classified as non-exempt employees, Plaintiff and the class continued to perform the same primary job duties and functions. Defendants did not retroactively pay Plaintiff or the class for overtime they previously worked when they were classified as "exempt" and paid on a salaried basis.

33. In approximately January 2015 and continuing to the present, Defendants purported to pay Plaintiff and the putative class overtime for hours worked in excess of 40 hours per week,

5

however, they failed to timely pay time and one-half of the employees' regular rate of pay by failing to account for non-discretionary commissions earned, and instead only paid time and one-half of employees' base hourly wages.

34. The relevant law requires Defendants to timely pay overtime compensation derived from hourly wages and applicable commissions combined in the next payday after the employer is able to reasonably compute and arrange for payment of the additional compensation.

35. At all relevant times, Defendants failed to properly or timely pay overtime adjustments (or "true-ups") by timely adding in earned commissions to the regular rate of pay upon which overtime wages are based and as required by the FLSA and applicable law. *See e.g.,* Exhibit A.

## COUNT I
### Willful Failure to Pay Overtime in Violation of the Fair Labor Standards Act
### FLSA COLLECTIVE ACTION ALLEGATIONS (Prior to January 2015)

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37. Plaintiff seeks to represent an FLSA collective comprised of and defined as:

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any Fire King location and at any time from June 2012 through January 2015, and who have not been paid overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "FLSA Class").

38. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

39. The named Plaintiff and members of the proposed FLSA Class worked in excess of forty hours in a work week, but were not compensated at the applicable overtime rate for those hours.

40. The named Plaintiff and members of the proposed FLSA Class have been equally affected by Defendants' violations, which amount to a single decision, policy or plan to avoid paying all earned and overtime wages.

6

41. Plaintiff does not fall under any exemption or exception to the FLSA's overtime pay requirements.

42. Plaintiff estimates the collective or class of employees to be in excess of 50 individuals.

43. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

44. Defendants' books and records are material to Plaintiff and the putative class' case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

45. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked by Plaintiff and the putative class.

46. Under the FLSA, 29 U.S.C. § 207(a)(1), Defendants were required to compensate Plaintiff and the putative class for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

47. At all relevant times herein, Defendants failed to maintain accurate records of the hours worked by Schlink and other putative class members.

48. Defendants' conduct was willful and intentional, in that Defendants regularly required, approved and/or suffered or permitted Plaintiff and the putative class to work overtime hours for which they were not compensated at the statutory rates, or knew or should have known Plaintiff and the putative class worked overtime hours for which they were not compensated at the statutory rates.

49. As a result of Defendants' policy and practice of failing to pay Plaintiffs overtime compensation, Plaintiff and the putative class have been damaged and not received wages due and owing, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

a) An award of back pay equal to the amount of all unpaid overtime compensation;
b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;
c) An award of liquidated damages equal to the amount of all unpaid minimum wage and overtime compensation, or alternatively, prejudgment interest;
d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);
e) For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and
f) Such other relief as this Court deems necessary and just.

## COUNT II
### Willful Failure to Pay Overtime in Violation of the Illinois Minimum Wage Law
### IMWL CLASS ACTION ALLEGATIONS

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 above as if fully set forth herein.

51. With respect to the IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any Fire King location and at any time from June 2012 through January 2015, and who have not been paid overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "IMWL Class").

52. Under the Illinois Minimum Wage Law, 820 ILCS 105/4, Defendants were required to pay Plaintiff and the proposed IMWL class at least the minimum wage for all regular hours worked, and overtime at a rate of time and one-half for hours in excess of forty in a workweek.

53. The Illinois Minimum Wage Law requires employers to maintain accurate records of hours worked by employees. 820 ILCS § 105/8.

8

54. Defendants regularly under-reported the time worked by Schlink and other putative class members on their check stubs.

55. 820 ILCS § 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

56. Defendants failed to compensate Schlink and other putative class members for all overtime hours which were worked but were not recorded in Defendants' time records. Defendants failed to compensate Schlink and other putative class members for overtime worked during the period of time in which they were mis-classified as "exempt" employees.

57. Defendants were aware of, required, suffered and/or permitted Schlink and the putative class to work unpaid overtime hours.

58. Defendants' conduct complained of herein was willful and intentional, in that Defendants required, approved and/or suffered or permitted Plaintiff and the putative class to work hours for which they were not paid, and which were required to be paid, or knew or should have known Plaintiff and the putative class worked hours for which they were not paid, and which were required to be paid.

59. Because of Defendants' willful violation of the IMWL, Plaintiffs have been damaged in that they have not received wages due and owing pursuant to the IMWL.

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in their favor and against Defendants for the following:

a) Actual damages;
b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
d) Such other relief as this Court deems necessary and just.

## COUNT III

**Willful Failure to Pay Proper Overtime Rates in
Violation of the Fair Labor Standards Act
FLSA COLLECTIVE ACTION ALLEGATIONS (Post-January 2015)**

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 above as if fully set forth herein.

61. Plaintiff seeks to represent an FLSA class comprised of and defined as:

All persons who have been employed by Defendants or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any Fire King location and at any time from January 2015 through and including the present and until final resolution of the case, and who have not been paid proper overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "FLSA Class").

62. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b).

63. The named Plaintiff and members of the proposed FLSA Class worked in excess of forty hours in a work week, but were not compensated at the applicable and proper overtime rate for those hours because Defendants did not re-compute their hourly and overtime rates of pay for each work week worked by Schlink and the putative class to apply the commission payment attributable to each week's hourly rate of pay.

10

64. The named Plaintiff and members of the proposed FLSA Class have been equally affected by Defendants' violations, which amount to a single decision, policy or plan to avoid paying all earned and overtime wages.

65. Plaintiff and members of the putative class do not fall under any exemption or exception to the FLSA's overtime pay requirements.

66. Plaintiff estimates the collective or class of employees to be in excess of 30 individuals.

67. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

68. Defendants' books and records are material to Plaintiff's case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

69. Under the FLSA, 29 U.S.C. § 211(c), Defendants were required to maintain accurate records of hours worked and commissions earned by the Plaintiff and the putative class.

70. Under the FLSA, 29 U.S.C. ' 207(a)(1), Defendants were required to compensate Plaintiff and the putative class for all hours worked and to pay a rate of time and a half their regular rate of pay for all overtime, i.e., hours worked in excess of 40 hours per work week.

71. Defendants' conduct was willful and intentional, in that Defendant regularly failed to pay Schlink and the class overtime hours at their regular rates of pay and instead compensated them based on their hourly rates of pay.

72. The failure to timely pay true-up wages, as described in Paragraph 32, herein, is willful and grounds for liquidated damages in the entire amount of the non-timely payment of the true-up wages. See e.g., *James Dominici, et al., v. Board of Education of the City of Chicago*, 881 F. Supp. 315 (N.D. Ill. 1995).

73. As a result of Defendant's policy and practice of failing to pay Plaintiff and the putative class overtime compensation, Plaintiff and the putative class have been damaged and not received wages due and owing, pursuant to the FLSA.

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

   a) An award of back pay equal to the amount of all unpaid overtime compensation;
   b) Finding Defendants' conduct alleged herein to be willful and award compensation for at least three years prior to the filing of this action;
   c) An award of liquidated damages equal to the amount of all unpaid overtime compensation, or alternatively, prejudgment interest;
   d) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);
   e) For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and
   f) Such other relief as this Court deems necessary and just.

<u>**COUNT IV**</u>
**Willful Failure to Pay Proper Overtime Rates in**
**Violation of the Illinois Minimum Wage Law**
<u>**IMWL CLASS ACTION ALLEGATIONS – Post January 2015**</u>

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 73 above as if fully set forth herein.

75. With respect to the IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as

> All persons who have been employed by Defendants or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any Fire King location and at any time from January 2015 through and including the present and until final resolution of the case, and who have not been paid proper overtime rates of pay for all time worked over 40 hours in individual work weeks (herein "IMWL Class").

76. This action is brought as a class action pursuant to the Federal Rules of Civil Procedure Rule 23.

77. Plaintiff estimates the class of employees who have been subjected to the Defendant's common unlawful pay practices during the respective Class Period to be more than 30 persons.

78. Because the IMWL Class is so numerous, joinder of all class members is impracticable.

79. The Named Plaintiff and the IMWL Class have been equally affected by Defendant's failure to properly pay overtime to the Plaintiff and the Class.

80. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations, if any, that may exist between the members of the class.

81. The Named Plaintiff and the IMWL Class and Defendant have a commonality of interest in the subject matter and the remedy sought.

82. The Named Plaintiff is able to fairly and adequately represent and protect the interests of the IMWL Class.

83. Plaintiffs' counsel is competent and experienced in litigating large wage and hour and other employment actions.

84. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court and to Defendants.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

85. 820 ILCS § 105/4(a) requires Defendants to compensate employees at a rate of time and one-half their regular rate of pay for overtime hours, i.e., hours worked in excess of 40 in a workweek.

86. Defendant failed to compensate Schlink and other class members at a rate of time and one-half their regular rate of pay for all overtime hours which were worked.

87. Defendant's conduct complained of herein was willful and intentional, in that Defendant knew or should have known Plaintiffs worked hours for which they were not properly paid, and which were required to be paid at a rate of time and one-half their regular rate of pay by failing to perform the necessary "true-up" calculations.

88. The failure to timely pay true-up wages, as described in Paragraph 32, herein, is willful and grounds for liquidated damages in the entire amount of the non-timely payment of the true-up wages. See e.g., *James Dominici, et al., v. Board of Education of the City of Chicago*, 881 F. Supp. 315 (N.D. Ill. 1995).

89. Because of Defendant's willful violation of the IMWL, Plaintiffs have been damaged in that they have not received wages due and owing pursuant to the IMWL.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment in their favor and against Defendants for the following:

   a) Actual damages;
   b) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;
   c) Attorneys' fees and costs of this action pursuant to 820 ILCS § 105/12(a); and
   d) Such other relief as this Court deems necessary and just.

Plaintiffs demand a trial by jury.

Respectfully Submitted,

By: /s/ Robin Potter
One of Plaintiffs' Attorneys

Robin Potter, Esq.
M. Nieves Bolanos, Esq.
Patrick Cowlin, Esq.
Robin Potter & Associates, P.C.
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 861-1800
(312) 861-3009 Facsimile
robin@potterlaw.org
nieves@potterlaw.org
patrick@potterlaw.org