# Attachment A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN SCHLINK, individually and on behalf of all similarly-situated persons, | ) ) ) | Case No. 15 C 5894 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Magistrate Judge  Sidney Schenkier (By Consent) |
| FIRE KING INTERNATIONAL, INC., d/b/a FIRE KING SECURITY GROUP | ) ) ) | |
| Defendant. | ) ) ) | |

## JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION CLAIMS

This Joint Stipulation and Agreement to Settle Class Action Claims ("Settlement," "Stipulation," or "Agreement") is made by Susan Schlink ("Named Plaintiff" or "Class Representative"), individually and on behalf of the class of individuals defined below ("Class Members"), as well as opt-in plaintiffs Amos Dortch and Elizabeth Tyler ("Consent Plaintiffs") (Named Plaintiffs, Class Members, Consent Plaintiffs collectively the "Plaintiffs") and Defendant Fire King International, Inc. d/b/a Fire King Security Group ("Defendant" or "Fire King") (Plaintiffs and Defendant are collectively referred to as the Parties), in the above-captioned action ("Class Action" or "Action").

### I.       PROCEDURAL HISTORY

On July 2, 2015, Named Plaintiff Susan Schlink filed this Action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of herself and others similarly situated, alleging that Defendants violated the Illinois Minimum Wage Law ("IMWL") and federal Fair Labor Standards Act ("FLSA") by (1) classifying salaried Fire King Customer Service Representatives as "exempt" and by not paying them overtime wages and (2) after January 1, 2015 and after re-classifying Customer Service Representatives as Non-Exempt

employees, failing to properly pay overtime by failing to add earned commissions to the regular rate of pay upon which Class Members' overtime wages were based and as required by the FLSA and IMWL. On November 6, 2015, the Parties sent out an Agreed Notice of the collective action and pursuant to section 216(b) of the FLSA.

Defendant filed its Answer to the Complaint on October 2, 2015, acknowledging that it classified Plaintiffs and other salaried Customer Service Representatives as exempt from the FLSA and IMWL until January 1, 2016 and acknowledging that Defendant did not pay Plaintiffs and other salaried Customer Service Representatives overtime wages. Dkt. 21. Defendant denied that the "exempt" classification was unlawful. *Id.* Defendant also denied that it had failed to properly calculate overtime rates after January 1, 2016. *Id.*

Following the filing of the Complaint and Answer, the Parties discussed the prospect for early settlement discussions and alternative dispute resolution. In light of these discussions, the Court's Order of June 29, 2016 set a settlement conference with the Honorable Magistrate Judge Sydney I. Schenkier. Between March and May of 2016, and pursuant to the parties' negotiated agreement to exchange documents necessary for settlement, Defendant produced information as follows: data regarding the putative class members, including dates of employment, salary and changes thereto, and data regarding weeks worked and benefit time taken for the period of July 2, 2012 and December 1, 2015.

Counsel for Plaintiff and the Class reviewed that information and issued a class-wide written settlement demand and position statement on June 15, 2016, and prior to the Order scheduling a settlement conference. Pursuant to Magistrate Judge Schenkier's Standing Order governing Settlement Conferences and his Order of June 29, 2016, the Parties exchanged additional settlement proposals on July 12, 15 and 29, 2016, respectively. Dkt. 36. On August

16, 2016, the Parties conducted a mediation settlement conference before His Honor Magistrate Judge Schenkier. The Parties were successful in reaching resolution of the class-wide claims on that date.

### DEFINITION OF "CLASS MEMBERS"

As part of this settlement, the Parties ask that the Court certify a class composed of:

All persons who have been employed by FKI Security Group, LLC (a.k.a. FireKing International and/or FireKing Security Group) or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any FireKing location and at any time from July 2, 2012 through and including the present ("Class Period"), and who were not paid wages for overtime worked over and above their set regular salaries and/or who have not been paid proper overtime rates of pay for all time worked over 40 hours in individual work weeks and who are listed on Exhibit A to this Stipulation.

Exhibit A to this Stipulation identifies by name, the individuals who are members of the Settlement Class. The Parties also ask that the Court appoint Robin Potter, M. Nieves Bolanos and Patrick Cowlin as Class Counsel and the Named Plaintiff, Susan Schlink, as Class Representative.

## II.      BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Named Plaintiff Susan Schlink recognizes the expense and length of the proceedings necessary to continue the litigation against Defendant through trial and through any possible appeals. Named Plaintiff Schlink has also taken into account the uncertainty and risk of the outcome of further litigation, the defenses raised by Defendant, and the difficulties and delays inherent in litigation. In addition, this Agreement will provide a substantial monetary settlement for Class Members without requiring Class Members to submit a claim form. Based on the foregoing, the Named Plaintiff has determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and that it is in the best interests of the Class.

### III. DEFENDANT'S REASONS FOR SETTLEMENT

Defendant has concluded that any further defense of this litigation would be protracted and expensive for all Parties. Unless this Settlement is made, Defendant will need to devote substantial amounts of time, energy and resources to the defense of the claims asserted by Plaintiffs. Defendant has also taken into account the uncertainty and risk of further litigation. Defendant has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the Claims as set forth in the Class Action.

### IV. SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by the Named Plaintiff and Class Representative on behalf of the Consent Plaintiffs and Class Members on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Class Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Agreement and that upon the Final Approval (as defined below), the Class Action shall be dismissed without prejudice and automatically convert to a dismissal with prejudice at the close of the disbursement period, subject to the recitals set forth hereinabove which, by this reference, become an integral part of this Agreement and subject to the following terms and conditions:

#### 1. Final Approval Date and Effective Date

As used in this Settlement, "Final Approval" means the date by which this Settlement is finally approved as provided herein and the Court enters Final Judgment and Order of Dismissal without Prejudice ("Final Judgment" or "Judgment"), which will automatically convert to a Dismissal with Prejudice upon the filing of the final accounting as provided in Section IV.7. The term "Effective Date" means the first date after the judgment by the Court finally approving this Settlement Agreement is no longer appealable, or if an appeal has been filed, the date on which the appeal is final. Notwithstanding the foregoing, the Parties agree to waive all rights to appeal

4

on entry of Final Judgment, except that the Plaintiff may appeal an award of Class Counsel's fees and costs, or the Enhancement Payment, should the sums awarded by the Court fall below that requested. Accordingly, where the Final Judgment entered by the Court grants full relief sought by the Parties in the absence of any objection, the Effective Date shall be the date of the Final Judgment.

## 2. <u>Direct Payment to Class Members</u>

Class Members shall not be required to submit a claim form to participate in this Settlement. Class Members who do not exclude themselves from the Settlement will receive a check for their ratable share of the "Overtime Awards Fund," as defined in Paragraph IV.6(a).

## 3. <u>Named Plaintiff's, Class Members' and Consent Plaintiffs' Release</u>

As of Final Approval, Class Members who do not exclude themselves from this Settlement, pursuant to Paragraph IV.15(b) of this Settlement, release and forever discharge the "Released Claims" arising during the Class Period against Defendant, and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, and employees (the "Released Parties") for the period of time they were paid a salary and worked in the job position of Customer Service Representative or a similar position and/or for the period of time they were paid an overtime rate that did not account for earned commissions. For purposes of this Agreement, the "Released Claims" are defined as: all claims, demands, rights, liabilities, and causes of action, whether known or unknown, which the Class Members have, have had, or may have under the IMWL, 820 ILCS 105/1 *et seq.* and/or the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. for wages of any kind, interest, liquidated damages, and/or other damages through the Class Period.

Named Plaintiff and Class Representative Susan Schlink releases and forever discharges the Defendant, its past, present and future owners, officers, directors, employees, members, managers, franchisors, affiliates, insurers, and attorneys; and their respective predecessors, successors, and assigns (hereinafter collectively referred to as "Releasees"), from any and all actions, causes of action, claims or liabilities of any kind which have or could be asserted against the Releasees arising out of or related to Plaintiff's employment with, separation from, or provision of services to Defendant and/or any other occurrence up to and including the effective date of this Agreement, including but not limited to:

A.    claims, actions, causes of action or liabilities based on the FLSA, as amended, 29 U.S.C. §201 et. seq., the IMWL, 820 ILCS 105/1 et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., ("IWPCA"), the Chicago Minimum Wage Ordinance, Chicago Municipal Code §1-24-010 et seq., or any other federal, state or local law, ordinance or regulation regarding wages or the payment of wages;

B.    claims, actions, causes of action or liabilities based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq.; Section 1981, as amended, 42 U.S.C. § 1981, et seq.; the Age Discrimination in Employment Act of 1967, as amended; Title VII of the Civil Rights Acts of 1963, as amended; the Older Worker Benefit Protection Act; the Employee Retirement Income Security Act, as amended; the Rehabilitation Act of 1973, as amended; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Sec. 12101, et seq.; Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.; the Employee Retirement Income Security Act of 1974, as amended, the Federal Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq., the National Labor Relations Act, the Federal Occupational Safety and Health Act and the Illinois Human Rights Act 775 ILCS 1-101 et seq.; and/or any

6

other federal, state, or municipal employment discrimination statutes (including, but not limited to, claims based on age, sex, attainment of benefit plan rights, race, religion, national origin, handicap, disability, sexual orientation, retaliation, genetic information and veteran status); and/or

C.    claims, actions, causes of action or liabilities and/or any other federal, state, or local statute, law, ordinance or regulations; and/or

D.    any other claim whatsoever including, but not limited to, claims based upon breach of contract, wrongful termination, defamation, intentional infliction of emotional distress, negligence and/or any other common law, statutory or other claim whatsoever arising out of or relating to Plaintiffs providing services to the Defendant;

E.    but excluding any claims which a plaintiff may make under state workers' compensation and/or any claims which by operation of law a plaintiff cannot waive and/or claims related to a breach of this Agreement. This Agreement does not waive any cause of action that by law may not be waived or barred.

Defendant represents that it has no knowledge of any claims, conduct or circumstances that could reasonably be expected to result in a claim against Ms. Schlink and does not anticipate or have any intent to initiate any legal action against Ms. Schlink.

**4.    <u>Settlement Fund</u>**

The term "Settlement Fund" shall refer to the funds that will be distributed to the Named Plaintiff, Consent Plaintiffs and Class Members in accordance with Paragraphs IV.6, IV.7 and IV.8 below.  The Settlement Fund shall consist of $136,000.00, which represents (i) payment of overtime wages, interest, penalties, and liquidated damages alleged to be owed to the Named Plaintiff, Consent Plaintiffs, and Class Members, (ii) the Class Representative's enhancement payment, and (iii) Class Counsel's attorneys' fees and costs.

5.    **Settlement Administration Costs**

Class Counsel (Robin Potter & Associates P.C) will allocate the distribution of this class action settlement. The costs of settlement administration shall be paid by Defendant. Defendant will process and mail the final payroll and settlement checks to Class Members, and it will pay the employer's required portion of payroll taxes; Defendant will prepare and mail the required tax forms to each Class Member; and, Defendant will provide class counsel with a copy of all checks and a certification of payments made, all at Defendant's expense and outside of and in addition to the settlement fund

6.    **Allocation of Settlement Fund**

The Settlement Fund shall be allocated as follows, subject to Court approval:

(a)    The amount available from the Settlement Fund for Class Members ("Overtime Awards Fund") shall be the Settlement Fund minus the amounts paid to (i) the Named Plaintiff as a Class Representative Enhancement payment and (ii) Class Counsel for attorneys' fees and expenses, including for settlement administration fees and costs. The amounts to be deducted from the Settlement Fund are set forth below in subparagraphs (b) and (c).

(b)    A payment up to $10,000.00 to Named Plaintiff Susan Schlink for a Class Representative Enhancement Award (as explained in Paragraph IV.9(d) below); and,

(c)    A sum of no more than $40,000.00 of the Settlement Fund to be paid for Class Counsel's attorneys' fees and reasonably incurred litigation and administration costs (as explained in Paragraphs IV.8(a) and IV.9(a) below)

7. **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events listed. The date of Preliminary Approval is the base timeline for all actions. The Parties will present this Agreement to the Court with a Motion for Preliminary Approval on or before October 5, 2016. If the parties are unable to complete the preparation of the pleadings necessary for a motion for preliminary approval of the class action settlement by October 5, 2016, they will use their best efforts to prepare and file the pleadings as soon as practical after October 5, 2016.

- Within seven (7) days of Judge Schenkier's granting of preliminary approval, Defendant will provide Class Counsel with a complete set of payroll data identifying class members' names, with corresponding Employee ID number, Date Plaintiff became a Customer Service Representative or similar position within the Class Period, Termination Date (if applicable), last-known mailing address, email, cell and land line telephone number, and Social Security number.

- Defendant, or a third party class administrator (if Defendant chooses to retain one at its expense), will mail a Summary Notice to Class Members in accordance with Paragraph IV.14 of this Agreement within twenty-one (21) days after Preliminary Approval is granted.

- All objections to the Settlement and requests for exclusion from the Settlement must be postmarked within sixty-three (63) days from the first mailing of the Summary Notice.

- Class Counsel shall file a motion for final approval of this Settlement and seek court approval for attorneys' fees no later than ten (10) days before the Final Approval Hearing, or on another date set by the Court.

- Defendant (or a third-party administrator) will mail settlement checks to all absent Class Members, who did not exclude themselves from this Settlement, within fourteen (14) days after the Effective Date. Defendant shall remit the Named Plaintiff's settlement and enhancement checks, and shall disburse Class Counsel's check for attorneys' fees and costs, to Class Counsel.

- The deadline for Class Members to cash checks will be one-hundred-eighty (180) days from the date the Defendant and/or a third party administrator mails the settlement checks.

- If any check issued to a Class Member under this Agreement is not cashed within one-hundred-eighty (180) day deadline set forth above, Defendant will report and remit the funds as unclaimed property to the State Treasurer for the State of Illinois, as outlined in the Uniform Disposition of Unclaimed Property Act, 765 ILCS 1025/0.05, *et seq.* Defendant will inform Class Counsel of any funds so remitted to the State of Illinois.

8. <u>**Calculation of Settlement Amount and Plan of Allocation for Payment to Class Members and Attorneys' Fees**</u>

(a)     Within fourteen (14) days of the Effective Date of this Settlement Agreement or entry of an Order granting Class Counsel's request for attorneys' fees, whichever is later, Class Counsel shall receive from the Settlement Fund the amount of attorneys' fees and costs approved by the Court, in amounts not to exceed 29.4% of the settlement fund, or $40,000.00, in attorneys' fees and in costs as more fully set forth in Paragraph IV.9(a) hereof.

(b)     By the date specified in Paragraph IV.7 hereof, the Defendant will issue checks made out to each Class Member who did not exclude himself or herself from the Settlement and transmit the checks to Class Counsel, in accordance with the following criteria:

(1)     The Plaintiff and each Class Member will receive a gross check for W-2 wages, less legal payroll deductions for state and federal withholding taxes and any other applicable payroll deductions, for his or her ratable share of the settlement fund for overtime pay according to the formula set forth in IV.8(c).

(2)     The Plaintiff and each Class Member will receive a second check for Form 1099 wages in an amount equal to his or her overtime pay award to account for interest.  Each Named Plaintiff's and Class Member's second check will also include the monies paid to them as liquidated damages. Payroll deductions will not be taken from the Named Plaintiff's and Class Members' Form 1099 checks.

(c)     Named Plaintiff's and Class Members' ratable share of the Overtime Awards Fund, estimated to equal $86,000.00, has been calculated as follows:

(1)     Class Counsel utilized payroll data produced by Defendants to calculate overtime damages for the Named Plaintiff and for each Class Member, which accounted for unpaid overtime (years 2012-2014) and for improperly calculated overtime (years 2015-presnet).

(2)     Class Counsel totaled the overtime wages owed to the Named Plaintiff and to each Class Member, and doubled the total for each to account for liquidated damages. Class Counsel calculated the Named Plaintiff;s and each Class Member's ratable share of the

11

Overtime Awards Fund by dividing his/her total individual damages by the total amount of damages incurred by the Class as a whole. The Named Plaintiff's and each Class Member's estimated awards are identified on Exhibit A.

(d)     Every 60 days, from the date settlement checks are issued, Defendant will provide Class Counsel with an accounting of all checks that remain uncashed. A final accounting will be provided within 7 days after the 180-day check cashing period has lapsed, as described in Section IV.7 and will be filed with the Court.

(e)     Any amounts remaining in the Overtime Awards Fund after the allocations set forth in paragraph IV.8(c)(3), above, are computed, will be distributed based upon each Plaintiffs' ratable share of the Fund. The Named Plaintiff's and Class Members' ratable share shall be determined by dividing the sum of his/her overtime wages and interest awards by the total of all Plaintiffs' overtime wages and interest awards.

(f)     As provided in Paragraph IV.10, settlement checks that are not cashed within one-hundred-eighty (180) days from the issuance date will be reported and remitted as unclaimed property to the State Treasurer for the State of Illinois, as outlined in the Uniform Disposition of Unclaimed Property Act, 765 ILCS 1025/0.05, et seq. Defendant will inform Class Counsel of any funds so remitted to the State of Illinois consistent with the terms of this Agreement.

(g)     The following amounts are to be paid outside of the Settlement Fund. Defendant will pay the amounts withheld from the Named Plaintiff's, Consent Plaintiffs' and Class Members' checks as payroll deductions to the appropriate taxing authorities. Defendant will pay, separate and apart from the overtime pay, the employer's share of all applicable state

and federal payroll taxes on any overtime pay check distributed to the Named Plaintiff and Class Members. Defendant will issue an IRS form W-2 for the overtime pay payment to the Named Plaintiff and Class Members. Defendant will issue an IRS Form 1099 to the Named Plaintiff for the second check issued to her for interest and the Enhancement Award, and an IRS Form 1099 to Class Members for the second check issued to them for interest.

9.    **Fees Award and Class Representative Enhancement Award**

(a)    Class Counsel shall seek and Defendant's counsel will not object to the payment from the Settlement Fund of $40,000 to class counsel as attorneys' fees and costs or to any petition or request to the Court for approval of the same.

(b)    The fees and costs award approved by the Court shall be paid to Class Counsel from the Settlement Fund as set forth in Paragraphs IV.7 and IV.8 hereof.

(c)    The payment of the fees and costs award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Named Plaintiff, Consent Plaintiffs and the Class Members, and shall relieve Defendant, the Settlement Fund, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiff, Consent Plaintiffs, and the Class Members.  In exchange for such payment, Class Counsel will remise, release and forever discharge any attorneys' lien on the Settlement Fund.

(d)    Class Counsel may apply for a "Enhancement Award" to Class Representative Susan Schlink in an amount not to exceed Ten-Thousand- Dollars ($10,000.00) each, to be paid for her time and effort spent conferring with Class Counsel, filing and pursuing the Action, attending the settlement conference, and recovering wages on behalf of all Class

13

Members. The Class Representative Enhancement Award shall be paid from the Settlement Fund in the form of a check as described in Paragraph IV.8(b)(2). Defendant agrees not to oppose such application.

**10. Responsibilities of Defendant**

Defendant shall:

(a) Perform all duties as stated in this Agreement.

(b) Provide Class Counsel with each of the Named Plaintiff's, Consent Plaintiffs' and Class Members' most recent or last known mailing address, email address, cell and land line telephone numbers, and Employee Identification Number. Defendants shall also provide Class Counsel the Social Security Number or other tax identification numbers used by Plaintiffs while working for Defendant.

(c) Refrain from communications with the Named Plaintiff and Class Members regarding the Settlement. In the event any Plaintiff or Class Member communicates with Defendant or their managers regarding the Settlement, Defendant shall make its best effort to direct him or her to contact Class Counsel.

**11. Operation of the Settlement Fund**

(a) The Defendant shall issue checks to the Named Plaintiff and Class Members from the Overtime Awards Fund according to each such person's ratable percent share, as set forth in Exhibit A. Class Counsel has calculated the estimated back overtime and interest awards to be paid to the Named Plaintiff and Class Members (before legal withholdings) from the Overtime Awards Fund in accordance with the terms and provisions of this Agreement. *See* Exhibit A.

(b)     The Defendant and/or a third party administrator shall make all proper payments from the Overtime Awards Fund.  Defendant and/or a third party administrator shall prepare and mail all payments to Class Members and shall deliver the Named Plaintiff's payments to Class Counsel.

(c)     Defendant shall cause to be timely and properly filed all informational and other tax returns, if any, necessary with respect to the Overtime Awards Fund.  Such returns shall be consistent with this paragraph.  If any taxable income is generated by the Settlement Fund, in all events the tax returns filed shall reflect that all taxes payable on the taxable income of these funds, if any, shall be paid by the Defendant.

**12.     <u>Additional Claims</u>**

No person shall have any claim against Defendant, Defendant's Counsel, the Named Plaintiff, the Consent Plaintiffs, Class Members or Class Counsel based on distributions and payments made in accordance with this Agreement.

**13.     <u>Notice/Approval of Settlement and Settlement Implementation</u>**

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Class Members, obtaining final Court approval of the Settlement, and processing the settlement payments:

(a)     <u>Preliminary Approval Hearing</u>.  Plaintiff shall move for Preliminary Approval of the Settlement ("Preliminary Approval") on or before October 5, 2016 or as soon as practicable.  In conjunction with the motion for Preliminary Approval, Plaintiff will submit this Agreement, which sets forth the terms of this Settlement, and will include proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement.

(b)     <u>Notice to Class Members</u>.  Notice of the Settlement shall be provided to the Named Plaintiff, Consent Plaintiffs and Class Members, and Plaintiff shall submit any

objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

(1)     <u>Settlement Administration</u>.     Defendant and/or a third party settlement administrator, shall administer the Settlement on the timetable stated in Paragraph IV.7 of this Agreement and for such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.

(2)     <u>Summary Notice to Class Members</u>.  On the timetable specified in Paragraph V.7 of this Agreement, Defendant and/or a third party class administrator shall send a copy of the Summary Notice, attached hereto as Exhibit B, to all Class Members via First Class regular U.S. mail with the return address to Class Counsel, Robin Potter & Associates, P.C. 111 East Wacker Drive, Suite 2600 Chicago, IL 60601.  The Summary Notice will be mailed using the most current mailing address information which will be provided by Defendant.  Defendant and/or a third party class administrator shall promptly conduct a skip trace and a second mailing for any Class Member whose Summary Notice is returned as undeliverable within forty-five (45) days of the date of the initial mailing, provided that a forwarding address is provided by the U.S. Postal Service, a skip trace or otherwise located by Class Counsel.  If after this second mailing, the Summary Notice is again returned as undelivered, or if no other forwarding address is available, the notice mailing process shall end for that Class Member.

(3)     <u>Complete Notice.</u>  The Summary Notice will explain that Class Members may obtain a Complete Notice from Class Counsel. The Complete Notice is attached hereto as Exhibit C. Class Counsel will mail a Complete Notice to each Class Member who requests one.

(4)    Update of Contact Information.    Class Counsel will receive communications from Plaintiffs to update their contact information. Plaintiffs will be asked to provide their Employee Identification Number or Social Security Number or other tax identification number to confirm their identity when updating their address by telephone.

14.    **Procedure for Objecting to or Requesting Exclusion from Class Action Settlement**

(a)    Procedure for Objecting.    The Summary Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court and Class Counsel.    Such written statement must be postmarked no later than sixty-three (63) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date").    No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been mailed to the Clerk of the Court and Class Counsel on or before the Objection/Exclusion Deadline Date.    The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than ten (10) days after the Objection/Exclusion Deadline Date, Class Counsel shall furnish to Defendant's Counsel copies of objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b)     Procedure for Requesting Exclusion ("Opt Outs").     The Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date.  Such written request for exclusion must contain the name, address and the last four digits of the Social Security number the Class Member used when working for Defendant, must be returned by mail to Class Counsel on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Class Member who opts out of the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. No later than ten (10) days after the Objection/Exclusion Deadline Date, Class Counsel shall furnish to Defendant's Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

### 15.     No Solicitation of Settlement Objections or Exclusions

The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall either Party or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from the Class, or appeal from the Court's Final Judgment.

### 16.     Final Settlement Approval Hearing and Entry of Final Judgment

Upon expiration of the Objection/Exclusion Deadline Date, with the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement along with the amount payable for (i) attorneys' fees and cost award and (ii) the Class Representative's Enhancement Award.  Upon final approval of the Settlement by the Court at or after the Final

Approval Hearing, the Parties shall present a Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") to the Court for its approval.

        **17.**     **Undistributed Settlement Awards**

        (a)     A Class Member who excludes himself or herself from this Settlement will not receive any payment from the Settlement Fund.

        (b)     Defendant and/or a third party administrator will deliver the settlement checks as specified above and will forward any returned checks to any address provided by the skip trace, U.S. Postal Service, the Class Member, or otherwise identified by Class Counsel.

        (c)     As specified in Paragraph IV.7, Class Members will have one-hundred-eighty (180) days after the mailing of their settlement checks to cash the checks. If any Class Member's settlement check is not cashed within that 180-day period, the payment will be reported and remitted as unclaimed property to the State Treasurer for the State of Illinois, as outlined in the Uniform Disposition of Unclaimed Property Act, 765 ILCS 1025/0.05, et seq. Defendant will inform Class Counsel of any funds so remitted to the State of Illinois and in accordance with Paragraph IV.7. In such event, any Class Member whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement Fund, but the Settlement nevertheless will be binding upon the Class Member.

        **18.**     **Defendant's Legal Fees and Settlement Administration Costs**

All of Defendant's own legal fees, costs and expenses incurred in this Action shall be borne by Defendant. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

19.     **Nullification of Settlement Agreement**

This Settlement Agreement is contingent upon the final approval and certification by the Court of the Settlement Class for settlement purposes. In the event: (i) the Court does not enter the Order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a Final Judgment as provided herein, which becomes final as a result of the occurrence of the Final Approval; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void, and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*. In such a case, Defendant does not waive, and instead expressly reserve, its rights to challenge the propriety of class certification on any ground and for any purposes as if this Settlement Agreement had not been entered into by the Parties. Further, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed. In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought prior to the Final Approval, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

20.     **Certification of Distribution of Settlement Checks**

(a)     Defendant's counsel shall keep Class Counsel apprised of the status of all mailings of the Settlement payments, and any returned mailings, upon request by Class Counsel. Defendant's counsel shall also provide Class Counsel with an accounting of the proceeds disbursed from the Settlement Fund upon request. Every 60 days, from the date settlement checks are issued, Defendant will provide Class Counsel with an accounting of all checks that

remain uncashed. A final accounting will be provided within 7 days after the 180-day check cashing period has lapsed, as described in Section IV.7, and will be filed with the Court.

21.    **Confidentiality**

It is the intention of the Parties and all of their attorneys of record that this Agreement will be publicly filed with the Court and is not a Confidential Agreement.

However, Named Plaintiff and Class Representative Susan Schlink acknowledges and agrees that as a condition of this Agreement, she shall strictly keep confidential all settlement discussions, conversations, and negotiations leading up to the execution of this Agreement and the terms and provisions of this Agreement, including the amounts and conditions contained in the Agreement (except as may be allowed under the Agreement or required by legal process).

This means that Named Plaintiff and Class Representative Susan Schlink is prohibited from directly or indirectly discussing, disclosing, revealing, publicizing, publishing, or in any other manner communicating with any other person (including, but not limited to family members other than her spouse, any of the foregoing, except to her spouse, attorney(s), tax accountant and/or financial advisor and lawyers, or as required by law, court order or subpoena). If asked about the result of the Lawsuit or settlement of the Lawsuit, Susan Schlink may only state in English that "I cannot discuss it", "the matter has been resolved" or a similar statement, but without disclosing the settlement discussions, negotiations, or any term or condition of the actual Agreement itself. Susan Schlink may refer any Class Member to contact Class Counsel, Robin Potter & Associates, P.C., and provide the firm's contact information, in order to obtain information regarding this case, the settlement agreement and/or any other related matter.

22.    **CAFA Compliance.**   In compliance with 28 U.S.C. § 1715, within ten (10) days of the Parties filing a motion for preliminary approval of this Settlement, Defendant

will supply notice regarding the settlement of this Action to the appropriate federal official and appropriate state officials in each state in which Class Members reside.  The Parties agree to cooperate to ensure that the Final Judgment is not entered prior to ninety (90) days after service of notice under CAFA.

### 23.    Exhibits and Headings

The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

### 24.    Interim Stay of Proceedings

The Parties agree to hold all proceedings in the Class Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court.  In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified under the circumstances set forth in Paragraph IV(17) above, neither party need serve or respond to discovery, or file responsive pleadings or motions.

### 25.    Amendment or Modification

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

### 26.    Entire Agreement

This Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any

Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

### 27. **Authorization to Enter Into Settlement Agreement**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

### 28. **Binding on Successors and Assigns**

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

### 29. **Illinois Law Governs**

All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

### 30. **Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

31. **This Settlement is Fair, Adequate and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the lawsuit and have diligently pursued an investigation of the claims alleged in the lawsuit. The Parties further represent and warrant that they believe this Settlement is a fair, adequate and reasonable settlement of this action and that they have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations. The parties agree to continue cooperating to effectuate the terms of this Agreement.

32. **Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

33. **Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the Parties.

34. **Invalidity of Any Provision**

Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

35.     **Circular 230 Disclaimer**

Each Party to this Agreement (for purposes of this section, the "Acknowledging Party"; and each party to this Agreement other than the Acknowledging Party, and "Other Party") acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the acknowledging party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (B) has not entered into this Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this agreement.

DATED: _____, 2016.

                    By:

                    SUSAN SCHLINK
                    CLASS REPRESENTATIVE

DATED: _____, 2016.

                    By: _____

                    TITLE:
                    ON BEHALF OF FIRE KING INTERNATIONAL, INC.,
                    D/B/A FIRE KING SECURITY GROUP
                    .