IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN SCHLINK, individually and on behalf of all similarly-situated persons, </br></br>Plaintiffs,</br></br>v.</br></br>FIRE KING INTERNATIONAL, INC., d/b/a FIRE KING SECURITY GROUP</br></br>Defendants. | Case No. 15 C 5894</br></br>Magistrate Judge Sidney Schenkier</br>(By Consent) |

**ORDER GRANTING FINAL APPROVAL**

The Parties, Susan Schlink and Fire King International, Inc., having appeared before the Court on January 31, 2017, for a Hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Parties' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class preliminarily certified for settlement purposes, by Order dated September 21, 2016 (ECF No.78), and defined as follows:

> All persons who have been employed by FKI Security Group, LLC (a.k.a. FireKing International and/or FireKing Security Group) or their predecessors, successors or assigns as Customer Service Representatives, or in other similar job positions at any FireKing location and at any time from July 2, 2012 through and including

>the present, and who were not paid wages for overtime worked over and above their set regular salaries and/or who have not been paid proper overtime rates of pay for all time worked over 40 hours in individual work weeks and who are listed on Exhibit A to the Settlement Agreement.

ECF 51, at p. 2.

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Rule 23(b)(3) for purposes of settlement of this action. Accordingly, the Court finally certifies this Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") by Defendant's Counsel via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice adequately informed the Class Members of the telephone number and email address for Class Counsel. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court finds that of the 36 eligible Class Members, one Class Member requested exclusion from the Settlement Class, and no Class Member objected to the Settlement Agreement.

5. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendants' defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $136,000.00 as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendants. Class Counsel have significant experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. Class Counsel and counsel for the Defendant are jointly administering the Settlement pursuant to the Settlement Agreement. Pursuant to the Settlement Agreement, Defendant shall make a Settlement Payment to each member of the Settlement Class, in accordance with the calculations provided for in Section V.8 of the Settlement Agreement, as adjusted in Exhibit A to the Declaration of M. Nieves Bolaños and as attached hereto to re-allocate funds from the Class Member who filed an exclusion and to account for the adjustment made by the Court during the Final Approval Hearing.

7. The Court finds that Named Plaintiff, Susan Schlink, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and is therefore deserving

of a service award in recognition of her effort. A Service Award in the amount of $7,000.00 is therefore approved for Plaintiff Schlink. This Service Award shall be paid from the Class Settlement Fund.

8. Class Counsel are awarded $40,000 in attorneys' fees and costs. The award of attorneys' fees and costs shall be paid from the Settlement Amount.

9. Plaintiffs and Class Members shall have one-hundred eighty (180) days from the issuance of their settlement checks to cash those checks as provided in Paragraph 7 of the Settlement Agreement. As further provided in the Parties' Settlement Agreement, settlement checks that are not timely cashed will be remitted to the State Treasurer for the State of Illinois as unclaimed property pursuant to the Uniform Disposition of Unclaimed Property Act, 765 ILCS 1025/0.05 *et seq.*

10. Defendant shall pay separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on any back pay check distributed to the Plaintiff and Class Members. Within fourteen (14) calendar days after entry of this Order, Defendant will mail or deliver the settlement checks to Class Members who did not exclude themselves.

11. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without awarding costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

12. The Court orders that the Plaintiff and Class Members release and discharge the "Released Claims" arising during the Class Period against Defendants as reflected in the Parties Settlement Agreement.

13. The Court grants final approval of the Settlement. This matter is dismissed with prejudice.

14. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

15. The Clerk is directed to enter judgment consistent with this order and close this file.

ORDERED this 31st day of January, 2017 in Chicago, Illinois

Magistrate Judge Sidney Schenkier
United States Magistrate Judge
Northern District of Illinois

Schlink v. FireKing Int'l
Case No. 15 C 5894
Exhibit A to Settlement Agreement (Final Approval, as Modified by Court during Final Approval Hearing)

| Last Name | First Name | Damages (Including Liquidated Damages for Opt-Ins) | Interest | Total Settlement Distribution |
|---|---|---|---|---|
| Baig | Mirza S | $ 2,219.00 | $ 1,254.21 | $ 3,473.20 |
| Baker | Ashley N | $ 894.47 | $ 505.57 | $ 1,400.04 |
| Belle | Miyoshi | $ 976.50 | $ 551.93 | $ 1,528.42 |
| Burney | Edward | $ 2,825.20 | $ 1,596.84 | $ 4,422.04 |
| Campbell | Tahdia Bianca | $ 582.20 | $ 329.07 | $ 911.27 |
| Carrano | Jessica C | $ 3,074.78 | $ 1,737.90 | $ 4,812.68 |
| Collins | Maishia | $ 58.30 | $ 32.95 | $ 91.25 |
| Daniel | Stacie | $ 58.56 | $ 33.10 | $ 91.66 |
| Dobias | Jerry J | $ 325.13 | $ 183.77 | $ 508.89 |
| Dortch | Amos | $ 2,123.53 | $ 1,200.25 | $ 3,323.77 |
| Fonseca | Carmen Yazmin | $ 800.40 | $ 452.40 | $ 1,252.80 |
| Gowdy | Torrance | $ 166.49 | $ 94.10 | $ 260.59 |
| Harris | Terry A | $ 915.46 | $ 517.43 | $ 1,432.88 |
| Hood | Karol | $ 2,261.29 | $ 1,278.11 | $ 3,539.40 |
| Jacobs | Donald W | $ 1,039.73 | $ 587.67 | $ 1,627.40 |
| Jones | Tyson J | $ 1,352.67 | $ 764.55 | $ 2,117.22 |
| Killelea | Richard | $ 5,356.22 | $ 3,027.41 | $ 8,383.62 |
| Laabs | Brian J | $ 1,519.08 | $ 858.60 | $ 2,377.68 |
| Lee | Patricia | $ 1,557.39 | $ 880.26 | $ 2,437.65 |
| Magana | Liliana | $ 115.35 | $ 65.20 | $ 180.55 |
| Miller | Ian | $ 121.09 | $ 68.44 | $ 189.53 |
| Moore | Alicia K | $ 533.88 | $ 301.75 | $ 835.63 |
| Morano | Rocco | $ 676.44 | $ 382.33 | $ 1,058.77 |
| Nugin | Rudolph | Exclusion Filed – Opted Out of Settlement Class | | |
| Orr | Ronda | $ 101.07 | $ 57.13 | $ 158.20 |
| Platt | Batina | $ 26.31 | $ 14.87 | $ 41.18 |
| Puente | Rosa L | $ 847.03 | $ 478.75 | $ 1,325.78 |
| Redden | Anya | $ 4,556.93 | $ 2,575.64 | $ 7,132.57 |
| Rezner | Elizabeth | $ 1,551.13 | $ 876.72 | $ 2,427.86 |
| Rodriguez | Patricia | $ 2,225.06 | $ 1,257.63 | $ 3,482.69 |
| Romaneschi | Ju Hee | $ 3,377.34 | $ 1,908.92 | $ 5,286.26 |
| Schlink | Susan | $ 7,428.74 | $ 4,198.82 | $ 11,627.57 |
| Sneed | Adam | $ 2,714.79 | $ 1,534.44 | $ 4,249.23 |
| Stoklosa | Mary | $ 2,470.66 | $ 1,396.45 | $ 3,867.12 |
| Thomas | Lakisha | $ 23.99 | $ 13.56 | $ 37.55 |
| Tyler | Elizabeth | $ 1,985.07 | $ 1,121.99 | $ 3,107.05 |
| | | | TOTAL | $ 89,000.00 |

**Summary**

| | |
|---|---|
| Total | $ 136,000.00 |
| Attorneys' Fees/Costs | $ 40,000.00 |
| Incentive Award | $ 7,000.00 |
| Total Distribution to Class | $ 89,000.00 |